(December 12, 1979)

■ In the Matter of ROY A. PAPPAS, Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.— Respondent was admitted to the Bar by this court on July 16, 1968. By decision dated March 4, 1977, he was suspended for a period of six months and until further order of the court (Matter of Pappas, 56 AD2d 947). In the present disciplinary proceeding, petitioner moves to confirm in part and to disaffirm in part the report of the Judge to whom the issues were referred. The petition contains 13 charges of professional misconduct. The Hearing Judge sustained seven of the charges in full and six in part, finding that respondent neglected clients' matters; failed, in two instances, to notify clients of his suspension from practice; deceived clients as to the status of their matters; and failed to return unearned fees to clients and, in one instance, to repay funds due a client as promised. The record supports and we confirm the findings with respect to the above. The Hearing Judge refused to sustain the allegations that respondent (1) deceived a client as to the use of certain funds furnished to him; (2) neglected a divorce proceeding; (3) deceived a client as to the status of a bankruptcy matter and failed to furnish status reports to her; (4) failed to respond to clients' letters; (5) deceived clients as to the status of their personal injury claim; and (6) neglected a real estate transaction. We agree with the Hearing Judge as to (2) and (3). However, we disagree as to the remainder and find that the evidence in the record supports and, therefore, we sustain the allegations of misconduct set forth therein. In determining the sanction to be imposed for respondent's misconduct, we note that the charges sustained in the first proceeding were serious, as are these. And while it appears that, in all cases in the present proceeding except one, respondent has either returned unearned fees and moneys due to his clients or deposited the unearned fees with his attorney with instructions to pay the same to his former clients upon learning their whereabouts, the fact remains that this was not done until after respondent was served with the petition in this matter. Accordingly, under all the circumstances, we conclude that respondent should be suspended for an additional period of one year. Respondent suspended for a period of one year effective from the date of this decision and thereafter until the further order of the court. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.